# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>Two National Firearms Act firearms seized in Kansas City, Missouri, Serial Numbers SH15831 and 42185<br><br>    Defendants. | Civil No. |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, by its attorney, John Constance, Assistant United States Attorney for the Western District of Missouri, files this civil forfeiture complaint, and respectfully supports the complaint as follows:

## NATURE OF THE ACTION

1. This action to remedy a violation of the National Firearms Act (NFA) by forfeiting property under 26 U.S.C. § 5872 is governed by 19 U.S.C. §§ 1602–1618.

## THE DEFENDANTS *IN REM*

2. The defendants (hereinafter, the "Defendant NFA Firearms") are:

- Street Sweeper, 12-gauge shotgun (S/N SH15831)

- Harrington and Richardson, Model: Handy-Gun; .410 caliber (S/N: 42185)

3. The Defendant NFA Firearms were seized from James Dixon by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) on July 18, 2024, and is presently in the custody of the ATF in Kansas City, Missouri.

4. Upon filing of this complaint, the plaintiff requests that the Clerk/Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(i)/G(3)(b)(ii), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(C).

## JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* to forfeit and condemn the defendant property. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1345 and 1355(a), because this forfeiture action has been commenced by the United States.

6. The court has *in rem* jurisdiction pursuant to 28 U.S.C. §§ 1355 and 1395 because the acts or omissions giving rise to the forfeiture occurred in this district the claim accrued in this district, and the Defendant Property is located in this district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because acts and omissions giving rise to the forfeiture occurred in this judicial district.

## BASIS FOR FORFEITURE

8. The Defendant NFA Firearms are subject to forfeiture under 26 U.S.C. § 5872 because they were involved in a violation of the National Firearms Act.

## FACTS

9. Pursuant to Supplemental Rule G(2)(f), facts in support of a reasonable belief that the Government will be able to meet its burden of proof at trial are set forth in detail below and have been verified by the attached Verification from an ATF Special Agent. In summary, the Defendant NFA Firearms were involved in one or more violations of the NFA (e.g., 26 U.S.C. § 5861(b) and (d)) because they were not lawfully transferred or registered to their possessor.

10. On July 18, 2024, in Kansas City, Missouri, ATF agents executed a federal search warrant on a residence belonging to James Dixon located on Elwyn Road, in Kansas City, Missouri, Western District of Missouri. A search of the residence located, among other items, the two Defendant NFA Firearms, which were seized.

11. The Defendant Firearms were found in the master bedroom of the residence where Dixon and his wife slept. Dixon admitted to ATF agents during a consensual interview at the scene that the firearms located in the master bedroom belonged to him.

12. At the time of seizure, the Defendant NFA Firearms were never legally transferred to Dixon or registered to him in the National Firearms Registration and Transfer Record ("the Registry"), pursuant to the Chapter 53 of the Internal Revenue Code ("IRC"), 26 U.S.C. §§ 5801, *et seq.*, which regulates the manufacture, importation, transfer, and possession of NFA firearms.

13.     NFA firearms that are not lawfully registered and transferred may not be legally possessed and are, therefore, subject to civil forfeiture under 26 U.S.C. § 5872.

## CLAIM FOR RELIEF

14.     The paragraphs above are incorporated by reference.

15.     It is unlawful for a person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record . . . ." 26 U.S.C. § 5861(d).

16.     As of the date of seizure on July 18, 2024, James Dixon possessed the Defendant NFA Firearms when they were neither lawfully transferred to him nor registered to him in the Registry.

17.     The Defendant NFA Firearms are forfeitable pursuant to 26 U.S.C. § 5872 because they were involved in a violation of the National Firearms Act.

[The remainder of this page is intentionally left blank]

## PRAYER FOR RELIEF

WHEREFORE the United States prays that the defendant properties be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

                                      Respectfully submitted,

                                      R. Matthew Price
                                      United States Attorney

By:    /s/ *John Constance*
         John Constance
         Assistant United States Attorney
         400 E. 9th Street, Fifth Floor
         Kansas City, Missouri 64106
         Telephone: (816) 426-3122
         E-mail: john.constance@usdoj.gov

# VERIFICATION

I, Special Agent Toby Gettler, hereby verify and declare under penalty of perjury that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), that I have read the foregoing Verified Complaint in rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, or have been reported to me by other law enforcement agents and analysts, and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the ATF.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 2/25/26

TOBY GETTLER
Digitally signed by TOBY GETTLER
Date: 2026.02.25 07:09:47 -06'00'

Toby Gettler
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)